CHRISTINE BRUMMER, BY HER MOTHER AND NEXT FRIEND, LOUISE BRUMMER, AND LOUISE BRUMMER, IN HER OWN RIGHT, PLAINTIFFS-APPELLEES, v. RALPH SMITH, DEFENDANT-APPELLANT.

Submitted January 27, 1934—Decided May 19, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Lewis Liberman.*

For the appellees, *Orlando & Kisselman (Samuel P. Orlando,* of counsel).

PER CURIAM.

The infant plaintiff, Christine Brummer, was invited by defendant-appellant, Ralph Smith, to take a ride with him in his automobile. While riding in the car driven by him on

the Mount Laurel Road, in Burlington county, at a speed of thirty to thirty-five miles per hour, the automobile ran into a pole and the infant plaintiff was injured. The suit was brought in her behalf to recover for such injury, and by her mother to recover for the resulting damages of the latter.

The sole contention of the defendant is that the court erred in refusing to direct verdicts in favor of the defendant, on the ground that there was no evidence of negligence on the part of the defendant, and that "Christine Brummer, as a matter of law, had voluntarily assumed the risk incident to riding in defendant's automobile."

We think the court properly refused to direct verdicts.

The judge was sitting as a jury, and we think the evidence presented a jury question with respect to the negligence of the defendant in driving the car at the speed that he did in the circumstances known to him. According to the testimony (and the truth of it was a jury question) the defendant was driving his automobile at a speed of thirty to thirty-five miles per hour, when he became aware that there was something wrong with his steering wheel, rendering it difficult to keep the car in the road, and so stated to the plaintiff. Instead of reducing the speed of the automobile so that he could control it in the event something unusual occurred, he continued on at the same speed of from thirty to thirty-five miles an hour, for a period of fifteen minutes, and then the steering apparatus went completely wrong, and being unable to steer the car it left the road and collided with a pole about four feet off the highway. Therefore a jury question was presented as to the defendant's negligence under all the circumstances as charged in the complaint.

On the question of assumption of risk, the judge, sitting as a jury, found as a fact that there were no facts to sustain a finding of assumption of risk. We cannot say that was wrong.

The only pertinent facts were that the defendant mentioned to the infant plaintiff that something was wrong with the steering wheel and that she sat still. The defendant argues that she should have insisted upon getting out, though far

from home, on a country road at midnight. The question whether or not in the circumstances she should have appreciated the impending peril and should have acted otherwise than she did, was a jury question.

The judgment will be affirmed, with costs.